■ BESSIE BUTLER et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 39993.) — TAYLOR, J. Appeal from a judgment entered upon a decision rendered after trial in the Court of Claims. Claimant, Bessie Butler, was injured on the early morning of April 23, 1961 while attending a social function held in the 69th Regiment Armory in New York City. It appears that new flooring laid upon the pre-existing stone surface sometime prior to April, 1957 extended to the entrance of a stairway at the fifth floor of the building and that at the point where its top step and the floor joined there had been placed a strip of wood whose beveled nosing or edge projected above the stairway step about one inch and decreased the width of its tread to the same extent. Claimants contended that as Mrs. Butler was about to descend the stairway the heel of her shoe slipped on the chamfered surface causing her to lose her balance and to be pitched forward over its banister and into the stairwell. After trial, the Court of Claims dismissed her claim and the claim of her husband for medical expenses and loss of services on

the ground that they had not established negligence on the part of the State and the injured claimant's freedom from negligence. In its decision the Court of Claims correctly held that "when the armory facility is used for civic or social events, the liability of the State is determined in accordance with the same rules of law as apply to actions against individuals or corporations, especially where the situation is similar to that of the owner or operator of a place of public assembly." However, its decision later stated: "The State had a responsibility for maintenance of the Armory in the condition in which it was received and to exercise reasonable care." These holdings were patently inconsistent and the latter was an erroneous exposition of the duty owed the injured claimant by the State. The trial court further found that "The offcer in charge [of the Armory] testified that no accidents occasioned by the raised nosing or the narrower tread had been reported to him, with the exception of the instant claim, during his five years of duty, even though the fifth floor was used for military and non-military purposes." Not only is there no such testimony in the record but the inadvertence was compounded by the fact that the State's persistent attempts to elicit information on this subject from the same witness were erroneously frustrated by the court's rulings on objections made to its reception by claimants. Since we are unable to conclude with certainty whether the trial court's misconceptions of law and fact played a part in its ultimate resolution of the questions of negligence and contributory negligence, we are constrained to reverse the judgment and to direct a new trial. Judgment reversed, on the law and the facts, and a new trial ordered, with costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur. [46 Misc 2d 58.]